1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9   CORNELIUS JOSEPH O'LEARY, JR.,            )
                                              )
10                        Plaintiff(s),       )        2:14-cv-01371-APG-NJK
                                              )
11                                            )
                                              )
12  vs.                                       )
                                              )
13  UNITED STATES OF AMERICA,                 )        ORDER AND REPORT AND
                                              )        RECOMMENDATION
14                                            )
                          Defendant(s).       )
15  _____)

16          Presently before the Court is Plaintiff Cornelius Joseph O'Leary, Jr.'s Application to Proceed

17  *In Forma Pauperis* (Docket No. 4) filed on September 11, 2014.  Plaintiff has requested authority,

18  pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*, and submitted a Complaint.[1]  This

19  proceeding was referred to this court by Local Rule IB 1-9.

20  **I.      *In Forma Pauperis* Application**

21          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

22  and costs or give security for them.  Docket No. 4.  Accordingly, the request to proceed *in forma*

23  *pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's

24  Complaint.[2]

25  _____

26          [1]Plaintiff previously filed an application to proceed *in forma pauperis* on August 22, 2014,
    (Docket No. 1), which was denied without prejudice because Plaintiff had submitted an incomplete
27  application. Docket No. 3.  The Clerk retained Plaintiff's Complaint from his prior application. *See*
    Docket No. 1-1.

28          [2]Plaintiff's Complaint also includes requests for motions to seal and permanently destroy
    records pertaining to two closed cases that are not properly brought before this Court.

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915.  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous only if the facts alleged are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.*, at 33.  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The allegations in Plaintiff's Complaint fall squarely within the category of the fanciful, fantastic, and delusional.  Plaintiff's Complaint states that he believes the United States Government has tried to manufacture a diagnosis of Schizophrenia in him and that police officers from numerous cities have utilized their counter-terrorism units to sleep deprive him in public.  Docket No. 1-1, at 2-3.  Plaintiff names numerous individuals and entities that he alleges are harassing and threatening him, including: fire department employees, gang members, nurses at UCLA, the Department of Justice, the United States Marines, the United States Marshals, TSA employees at the Las Vegas International Airport, and his landlords from every place that he has lived for the past seven years.  *Id.*, at 3-8.  Plaintiff represents that he is "harassed in public, at [his] home, and sleep deprived with loud ringing in [his] ears every night."  *Id.*, at 14.  He further states that "almost every person [he] tr[ies] to become friends with turns into someone harassing [him]" and that he has "tried to run for President to stand up to this harassment and destruction of [his] life and career as a Physician and Surgeon."  *Id.*, at 14, 16.  Plaintiff states that his claims are brought under numerous federal statutes,

. . .

. . .

1  including 18 U.S.C. §§ 242, 245[3] and 42 U.S.C. §§ 14141, 3631.  *Id.*, at 8.

2        Additionally, Plaintiff's Complaint appears to be identical to motions that he filed two other

3  cases.[4]  *Cornelius J. O'Leary, Jr. v. Dist. Att'y of the State of Nevada, et al.*, 2:12-cv-00511-JCM-

4  VCF, Docket No. 10 (August 22, 2014); *Cornelius J. Oleary v. United States of America*, 2:12-cv-

5  00215-JCM-GWF, Docket No. 18 (August 22, 2014).  In those cases, the Court found that facts

6  alleged by Plaintiff were "farcical, vexatious, and frivolous" and "fantastic, delusional and

7  irrational."  *Cornelius J. O'Leary, Jr. v. Dist. Att'y of the State of Nevada, et al.*, 2014 U.S. Dist.

8  LEXIS 123368, *3 (D. Nev. Sept. 4, 2014); *Cornelius J. Oleary v. United States of America*, 2012

9  U.S. Dist. LEXIS 54242, *3 (D. Nev. March 20, 2012).  The Court previously warned Plaintiff that

10  if he continued to file vexatious or frivolous papers, the Court would bar him from filing papers in

11  this Court in the future.  *Cornelius J. O'Leary, Jr.,* 2014 U.S. Dist. LEXIS 123368 at *3.  The Court

12  again warns Plaintiff against continuing to file vexatious or frivolous papers.

13  **III.    Conclusion**

14        The Court finds that the statements in Plaintiff's Complaint are clearly baseless and factually

15  frivolous and therefore recommends that the Complaint be dismissed with prejudice as it is clear

16  from the face of the complaint that the deficiencies cannot be cured by amendment.  Accordingly,

17        **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is

18  granted.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars

19  ($400.00).

20        **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

21  conclusion without the necessity of prepayment of any additional fees or costs or the giving of a

22  security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

23  issuance of subpoenas at government expense.

24        **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

25

26        [3]18 USC §§ 242 and 245 are criminal statutes and Plaintiff, as a private citizen, lacks
standing to prosecute them.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

27

28        [4]Plaintiff filed the two other motions on August 22, 2014, the same day that he submitted the
instant Complaint.

1

## RECOMMENDATION

2     **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed with**

3  **prejudice** as baseless and frivolous, as it is clear from the face of the complaint that the

4  deficiencies cannot be cured by amendment.

5     DATED: September 18, 2014.

6

7

8  _____

9     NANCY J. KOPPE
United States Magistrate Judge

10

## NOTICE

11

12     Pursuant to Local Rule IB 3-2 <u>any objection to this Report and Recommendation must</u>

13 <u>be in writing and filed with the Clerk of the Court within 14 days of service of this document.</u>

14 The Supreme Court has held that the courts of appeal may determine that an appeal has been waived

15 due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

16 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2)

17 failure to properly address and brief the objectionable issues waives the right to appeal the District

18 Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951

19 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

20 1983).

21

22

23

24

25

26

27

28